62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred Darnell CHANDLER, Plaintiff-Appellant,
v.
Robert BROWN, Jr.; Dean Rieger; Larry Donovan; John Cason;
Duane Corey; Travis Jones; Dr. Husain; J. Epp;
David E. King; W. Dihle; Daryl Graham;
Robin Brown; Everett Elkins,
Defendants-Appellees.
 No. 94-2301.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1995.
 
 Before: BROWN, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Fred Darnell Chandler, proceeding pro se, appeals a district court judgment which granted in part and denied in part the parties' cross-motions for summary judgment. Chandler also appeals a jury verdict and judgment which awarded him damages against defendants Cason, Brown and Dihle in the amount of $1.00 each, in addition to punitive damages of $1,000 against defendant Dihle. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Chandler brought his 42 U.S.C. Sec. 1983 lawsuit against multiple prison officials and corrections officers of the Michigan Department of Corrections (MDOC) in their individual and official capacities. Chandler complained of alleged constitutional violations which occurred at several MDOC prisons from March through July 1988, and from February through March 1989. Chandler has alleged that because of the foregoing events, he has suffered numerous violations of his constitutional rights, as well as selected tortious conduct cognizable under Michigan law. Plaintiff alleged that the defendants subjected him to cruel and unusual punishment as a result of the following acts:
 
 
 3
 a) placing material with which to hang himself into the suicide prevention room on March 31, 1988 (Graham);
 
 
 4
 b) ignoring the side-effects from his smoking marijuana;
 
 
 5
 c) improper prescription of Thorazin (Husain);
 
 
 6
 d) interfering with medical needs (Corey, Cason, Donovan), by transferring him to HVMF (Huron Valley Men's Facility);
 
 
 7
 e) denial of yard time or recreation while in confinement;
 
 
 8
 f) inadequate ventilation while in segregation at both facilities;
 
 
 9
 g) lack of toilet in segregation cell at Riverside Correctional Facility (RCF);
 
 
 10
 h) occasional denial of drinking water while in segregation at RCF;
 
 
 11
 i) placement into handcuffs and leg-irons upon arrival at HVMF, until he was taken to the Self Mutilation Protection Unit (SMPU);
 
 
 12
 j) being subjected to a strip search or body cavity search on his arrival at HVMF; and
 
 
 13
 k) improper response to various complaints by medical staff in the SMPU.
 
 
 14
 Plaintiff alleged the following actions by defendants violated his due process rights:
 
 
 15
 a) improper placement into administrative segregation on April 27, 1988, after his release from the SMPU (Corey, Cason and Donovan);
 
 
 16
 b) improper change of his custody level from closed to maximum security on May 25, 1988, without being afforded notice of the proposed action and an opportunity to be heard;
 
 
 17
 c) improper continuation in administrative segregation at the HVMF without a valid basis;
 
 
 18
 d) improper and untimely review of administrative segregation status from March 31 to May 25, 1988, while at RCF; from May 25 to July 18, 1988, while at HVMF; and from February 17 through March 27, 1989, while at RCF; and
 
 
 19
 e) improper placement into the SMPU at HVMF without procedures required by due process.
 
 
 20
 Plaintiff also alleged that his right of access to the courts was violated when he was transferred from RCF to the Marquette Branch Prison (MBP). Plaintiff's final federal cause of action is based on 42 U.S.C. Sec. 1985. Plaintiff alleged that Corey, Cason, and Donovan conspired to violate his constitutional rights. Finally, plaintiff alleged state law negligence causes of action.
 
 
 21
 The parties consented to having the case proceed before a magistrate judge. A magistrate judge granted in part and denied in part the parties' cross motions for summary judgment. Summary judgment was granted to the defendants on all of Chandler's claims except his claim against defendants Brown, Cason and Dihle which alleged that he was improperly classified and transferred to the SMPU at HVMF on May 25, 1988, without affording him his procedural due process rights. The magistrate judge also considered Chandler's motion to impose sanctions against, and to dismiss his court-appointed counsel (Manville), and motion to appoint new counsel which were denied by the magistrate judge. After a jury trial on the issue of damages, Chandler was awarded $1.00 in damages against each of the three defendants (Brown, Cason and Dihle) and a $1,000 award of punitive damages against defendant Dihle.
 
 
 22
 Although Chandler was represented by counsel in the district court, he is proceeding pro se on appeal. Chandler's brief is construed as arguing those claims which he raised in the district court. However, Chandler did not contest the district court's award of damages against defendants Brown, Cason and Dihle, or make any argument concerning his conspiracy claim, or his Eighth Amendment claims for lack of drinking water, placement in handcuffs, the strip/body cavity search and bedding materials. Because Chandler failed to raise these claims on appeal, they are considered abandoned and are, therefore, not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir. 1986).
 
 
 23
 It is noted that, to the extent Chandler sued the defendants in their official capacities for monetary relief, the defendants are not subject to suit in that capacity under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 24
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 25
 With regard to Chandler's Eighth Amendment claims raised on appeal, Chandler has not demonstrated that the defendants' conduct was obdurate and wanton, Whitley v. Albers, 475 U.S. 312, 319 (1986), or that the defendants were deliberately indifferent to Chandler's conditions of confinement. Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). As to defendant Graham, Chandler failed to present significant and probative evidence to rebut Graham's affidavit that he did not place materials in Chandler's cell that enabled Chandler to make his suicide attempt, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986), or that there are material facts in dispute for trial on this issue. Celotex Corp., 477 U.S. at 324. Furthermore, Chandler has not shown that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).
 
 
 26
 Although prisoners have a right of meaningful access to the courts to press their civil rights claims and post-conviction proceedings challenging their convictions, Bounds v. Smith, 430 U.S. 817, 824-25 (1977), Chandler has not shown that he was prejudiced in any lawsuit as a result of the defendants' conduct. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985).
 
 
 27
 As to Chandler's Fourteenth Amendment procedural due process claims (all but his claim against defendants Brown, Cason and Dihle), he received all the process he was due in connection with his placement and continued placement in administrative segregation. Hewitt v. Helms, 459 U.S. 460, 476 (1983). Chandler's state law tort claims are barred. See Mich. Comp. Laws Sec. 691.1407. Chandler's claims regarding discovery and attorney Manville are completely frivolous.
 
 
 28
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.